Opinion of Daniel Dulany, Esquire.
The following case is stated to me for my opinion.
■ Ignatius Craycroft seised in fee thereof, devised as follows, the lands after mentioned, viz. “ Item, I give to my u son Charles Craycroft, and his heirs for ever, all that land, 81 &c. calledTruemarPs Place, lying in Charles County. Item, “ I give unto my said son Charles Craycroft, one other “ parcel of land called NutzvelPs Branches, &c. Item, I u give unto my said son Charles Craycroft, and his heirs, “ one hundred acres of land called the Denial,” &c.
The question is, what estate did the devisee take in the parcel of land, NutwelPs Branches ?
The general rule laid down in the construction of wills, is to observe the intention and design of the testator, but it is also another rule, that the heir at law shall not be disinherited, but by plain words or implication. Notwithstanding the regard professed for the intention and design of the testator, there is great reason to believe that this design is contravened by the application of legal rules; of this a, great Chancellor was so sensible, that he declared he was in doubt whether he had not made as many wills by technical construction, as he had effectuated the intentions of the testator.
*451 In the present case, I am inclined to suspect that the testator meant the same estate in all the above devises ; but I must give my opinion, having regard to legal rules, and determinations thereon, that Charles Cray croft took only an estate for life, in the land called NutwelFs Branches. In the first and third devise, a fee was given, the proper words for that purpose, being inserted, viz. his heirs. The argument on this head, is that the testator knew what were the proper words of inheritance, and accordingly used them, and therefore, when he omitted them in the second devise, it is to be presumed .that he did not intend that an Inheritance should pass.
The word item is the proper beginning of a distinct clause, and is less favourable than also, and this case is the stronger, because if the second item were held a continuation of the first, it ought also to be considered in the same manner as to the third, but the third is plainly distinct and perfect, the word hcir.s being therein. Where the second clause is attendant on the first, and cannot be construed without it, the estate limited in the first, shall extend to the second, as if a man devises black acre to A. and his heirs, item or also, white acre. In the case put A. will take an estate in fee, in both black and white acre, but where he devises black acre to A. and his heirs, item or also, I devise white acre to A. there A. has only an estate for life, in white acre, for the verb I devise, is repeated, and so is the name of the devisee, and therefore the clause is considered as distinct.
The next question put to me is, whether the purchaser, now the possessor, has any remedy under the deed from Mr. Carroll. On inspection of the deed, it appears that the words give and grant are used, which are a warranty in law, during the life-time of the grantor. I observe, that there is afterwards an express warranty in the deed; but that will not take away the warranty in law. Notice ought to be given to Mr- Carroll, if a claim should be made, or a suit brought for the land, which is not to be given up by the possessor till recovered from him. *452 Though it is no part of the case, it may not be amiss to observe, that there is an express general warranty from Cray croft to Mr. Carroll. On the 1st point, vide Mod. 52. Sail. 239. Comyn, 164. on 2d Co. Litt. 334.
Daniel Dulany, 5th April, 1768.